UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DARNELL WALKER,                              :

            Plaintiff,              :
                                                                              PRISONER
V.                                            :      CASE NO. 3:11-CV-82(RNC)

WARDEN ANGEL QUIROS, et al.,     :

            Defendants.               :

INITIAL REVIEW ORDER

Plaintiff, a Connecticut inmate, brings this action *pro se* under 42 U.S.C. § 1983 against the Commissioner of the

Department of Correction ("DOC"), Leo Arnone; the Warden of Northern Correctional Institution at the relevant time, Angel

Quiros; and the Director of Classification and Population Management for the DOC at the relevant time, Lynn Milling.     The

complaint alleges that the plaintiff did not receive a timely administrative segregation hearing.     For reasons that follow, the

complaint is dismissed without prejudice.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review an inmate's complaint against prison officials and

dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.     A

complaint is legally sufficient if it "plead[s] enough facts to state a claim to relief that is plausible on its face."     Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007).     A claim has "facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."     Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009).     When the inmate is proceeding *pro se*, the complaint must be construed liberally.     See Green v. County of

Monroe, 423 Fed. Appx. 98, 99 (2d Cir. 2011).

The complaint alleges the following.     In June 2010, the plaintiff was housed in a Security Risk Group Threat Member

("SRGTM") housing unit at Northern.   On June 17, 2010, he was transferred to a different housing unit at Northern and placed on administrative detention status pending an administrative segregation hearing.   Under DOC Administrative Directive 9.4, the hearing was supposed to be held within 30 days.   On August 10, 2010, Warden Quiros requested an extension of time to complete an investigation.   Commissioner Arnone approved the request.   On September 13, 2010, an administrative segregation hearing was held.   Director Milling concluded that placement in administrative segregation was appropriate for the plaintiff.[1]

The plaintiff claims that the failure to hold an administrative segregation hearing within 30 days of his transfer on June 17, 2010, as provided by Administrative Directive 9.4, constituted a violation of his right to procedural due process. He points out that an extension of the hearing date was not requested until after the 30-day period expired.   He alleges that the delay in holding a hearing constituted a "process failure" entitling him to damages for emotional distress.

To state a claim on which relief can be granted, the plaintiff must allege facts showing that he was deprived of a liberty interest protected by the Due Process Clause.   If he cannot allege facts showing that he had a constitutionally protected liberty interest, the complaint must be dismissed even though he did not receive a hearing within the time specified in Administrative Directive 9.4.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court ruled that a change in an inmate's conditions of confinement does not call for due process protections unless the change imposes "atypical and significant hardship . . . in

---

[1]   Exhibits submitted with the complaint show that the plaintiff appealed the decision placing him on administrative segregation status.   On September 23, 2010, the District Administrator denied the appeal.   The District Administrator noted that DOC officials had properly notified the plaintiff of their request for an extension of time to complete their investigation but he had refused to sign the Notification of Extension Status form.   In addition, the District Administrator stated that the plaintiff had been released from administrative segregation status on April 9, 2010, and placed in a close custody program due to his SRGTM status.   The plaintiff had subsequently received five Class A Disciplinary Reports.   The District Administrator concluded that the decision to return the plaintiff to administrative segregation status was proper.

relation to the ordinary incidents of prison life." <u>Id.</u> at 484.   <u>Sandin</u> held that confinement in a restrictive housing unit for

thirty days for disciplinary reasons did not implicate a constitutionally protected liberty interest.   <u>Id.</u> at 485-86.

The Second Circuit has not adopted a bright line test to determine when segregated confinement constitutes an

atypical and significant hardship under <u>Sandin</u>.   But the Court has provided some guidance through a series of cases brought

by New York state prisoners confined in special housing units ("SHUs").   <u>See Ortiz v. McBride</u>, 380 F.3d 649 (2d Cir. 2004);

<u>Palmer v. Richards</u>, 364 F.3d 60 (2d Cir. 2004); <u>Sealey v. Giltner</u>, 197 F.3d 578 (2d Cir. 1999).   The Court has ruled that,

although SHU confinement for less than 101 days is ordinarily too brief to meet the <u>Sandin</u> standard, <u>see Sealey</u>, 197 F.3d at

589, SHU confinement of fewer than 101 days can constitute atypical and significant hardship under <u>Sandin</u> if the conditions

are more severe than normal SHU conditions.   <u>See Ortiz</u>, 380 F.3d at 655; <u>Palmer</u>, 364 F.3d at 65.

"Ordinarily, SHU prisoners are kept in solitary confinement for twenty-three hours a day, provided one hour of exercise in the

prison yard per day, and permitted two showers per week."   <u>Ortiz</u>, 380 F.3d at 655.

Here, the plaintiff was held in a restrictive housing unit      on administrative detention status from June 17, 2010 to

September 13, 2010, a period of less than 90 days.   The complaint does not include any allegations concerning the conditions

of confinement in that housing unit or in the plaintiff's previous close custody unit.   In the absence of such allegations, the

complaint fails to show that the plaintiff was subjected to atypical and significant hardship under <u>Sandin</u> as that standard is

applied in the Second Circuit.[2]

---

[2]   In addition to the complaint, the plaintiff has submitted 87 pages of exhibits.   Most of the exhibits relate to time
periods before June 2010.   With regard to the period at issue here (i.e. June 17 to September 13, 2010), the exhibits show that
the plaintiff complained about not getting his two legal calls during the month of June 2010.   There is no indication that the
plaintiff was deprived of legal calls after June 17 or that a denial of legal calls after that date prejudiced the plaintiff's right of
access to court.   Furthermore, the exhibits show that during the month of July 2010, the plaintiff did receive his two legal calls.
The exhibits also show that the plaintiff disagreed with the DOC's policy of taking money from his account to pay an order of
restitution.   It is apparent from the exhibits, however, that this condition of confinement applied to all inmates whether they
were in restrictive housing or general population.

The complaint is also deficient because it fails to allege facts permitting an inference that defendants Arnone or Milling were involved in the alleged denial of due process.     Under 42 U.S.C. § 1983, a prison official cannot be held liable unless he was personally involved in the alleged constitutional deprivation.     See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). The allegations of the complaint are sufficient to support an inference that defendant Quiros was responsible for the delay in holding the hearing.     But they are not sufficient with regard to the other named defendants.

Accordingly, the complaint is hereby dismissed without prejudice.     See 28 U.S.C. § 1915A(b)(1).     The plaintiff may file an amended complaint to correct the deficiencies identified in this order.     The amended complaint must be filed on or before November 1, 2012.     The Pro Se Prisoner Litigation Office will send a copy of this order to the plaintiff and a copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

So ordered this 26th day of September 2012.

_____/s/_____

Robert N. Chatigny
United States District Judge
